**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| MARIO ROOSHON OSBORNE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIV. A. NO. 17-0100-WS |
| vs. | ) | |
| | ) | CRIM. A. NO. 15-0099-WS-MU |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

On March 1, 2017, Petitioner Mario Rooshon Osborne filed a Motion Under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

(Doc. 43). This action has been referred to the undersigned for entry of a report and

recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

In his motion, Petitioner alleges, *inter alia*, that he received ineffective assistance of

counsel in several enumerated respects and that his sentence violates his due process

rights. (*Id.* at pp. 4-5). Specifically, for purposes of this Report and Recommendation,

Petitioner alleges that he requested that his counsel file an appeal on his behalf and that

his counsel failed to do so. (*Id.* at p. 4; Doc. 56 at pp. 4-5). The United States filed a

response opposing Petitioner's motion on April 5, 2017 (Doc. 47), and Petitioner filed a

reply on August 14, 2017 (Doc. 56). In his reply, Petitioner provided more specifics

regarding his claim that his counsel failed to file an appeal on his behalf, stating that he

"specifically and unequivocally holds that he told counsel to file the appeal regardless of

whether it was frivolous or not." (Doc. 56 at pp. 4-5). In the wake of the Reply, the Court

conducted an evidentiary hearing on this issue on September 12, 2019. (Doc. 75).

Petitioner has requested that this Court grant his motion to vacate, re-enter the judgment in this case, and allow him fourteen days to timely filed a notice of appeal from the judgment. (Doc. 76).

## PROCEDURAL BACKGROUND

On April 30, 2015, Petitioner was indicted on eight counts, alleging various drug offenses, including count four which charged him with possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). (Doc. 1-1). Retained counsel appeared for Petitioner on July 28, 2015. (Doc. 14). On September 28, 2015, Petitioner pleaded guilty to count four under a plea agreement that stipulated to a low end, enhanced sentence of 10 years to serve. (Doc. 26). The plea agreement also provided for a general waiver of the right to directly appeal or to collaterally attack with three exceptions: "any sentence imposed in excess of the statutory maximum, any sentence which constitutes an upward departure or variance from the advisory guideline", and the "defendant also reserved the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion". (*Id*. at p. 12).

At sentencing on June 22, 2016, the Presentence Investigation Report (PSR) designated Petitioner as a career offender (CO). (Doc. 31 at p. 6). His guideline range was calculated at 262 to 327 months. (*Id.* at p. 12). Defense counsel filed an objection against CO designation (Doc. 30) and argued against CO designation at sentencing. (Doc. 45 at pp. 4-12). The Court overruled his objections and determined Osborne to be a CO with an adjusted offense level of 34, and a guideline range of 262 to 327 months. (*Id.* at p. 13). Osborne was sentenced to 262 months. (*Id*. at pp. 18-19). No appeal was filed.

On March 1, 2017, Osborne timely filed a *pro se* § 2255 motion, arguing, among

other things that his attorney was ineffective for several reasons. (Doc. 43 at p. 4). He

further alleged that he did not raise this issue on direct appeal because his attorney

failed to file an appeal on his behalf and failed to advise him of his rights to pursue an

appeal. (*Id*.). In his reply to the Government's response to his motion, Osborne

elaborated on the facts supporting his claim that his attorney failed to file an appeal on

his behalf. (Doc. 56 at pp. 4-5). Osborne stated that he "specifically and unequivocally

holds that he told counsel to file the appeal …." (*Id*. at p. 5).  In light of Osborne's

contention and the Eleventh Circuit's holding in *Lacey v. United States,* No. 16-12644,

2019 WL 2152667, at *1 (11th Cir. Apr. 2, 2019), this Court conducted an evidentiary

hearing on September 12, 2019 to determine the contested issue as to whether

Osborne instructed his attorney to file an appeal. (Doc. 75).

## CONCLUSIONS OF LAW

Section 2255 reads, in relevant part, as follows: "A prisoner in custody under

sentence of a court established by Act of Congress claiming the right to be released

upon the ground that the sentence was imposed in violation of the Constitution or laws

of the United States, or that the court was without jurisdiction to impose such sentence,

or that the sentence was in excess of the maximum authorized by law, or is otherwise

subject to collateral attack, may move the court which imposed the sentence to vacate,

set aside or correct the sentence." 28 U.S.C. § 2255(a). In this case, Osborne alleges,

in part, that he received constitutionally ineffective assistance of counsel because his

attorney failed to file a notice of appeal challenging his sentence even though he

requested that he do so. It is well established that a defendant claiming constitutionally

ineffective assistance of counsel must demonstrate (1) "that counsel's representation 'fell below an objective standard of reasonableness' and (2) that counsel's deficient performance prejudiced the defendant."  *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)) (internal citations omitted). The Supreme Court held, in *Flores-Ortega,* "that this test applies to claims...that counsel was constitutionally ineffective for failing to file a notice of appeal." *Id.* at 477.

The Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id*. (citing *Rodriquez v. United States,* 395 U.S. 327 (1969); *Peguero v. United States,* 526 U.S. 23, 28 (1999)). "This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes."  *Id*.  "Where a defendant has expressly requested an appeal, counsel performs deficiently by disregarding the defendant's instructions." *Garza v. Idaho*, __ U.S. __, 139 S. Ct. 738, 746 (2019).

As to the second prong of the test, that is, whether counsel's deficient performance prejudiced the defendant, the United States Supreme Court has held that, "when an attorney's deficient performance costs a defendant an appeal that the defendant would have otherwise pursued, prejudice to the defendant should be presumed 'with no further showing from the defendant of the merits of his underlying claims.'" *Garza v. Idaho*, 139 S. Ct. 738, 742 (2019) (quoting *Roe v. Flores-Ortega*,

528 U.S. 470, 484 (2000)). The Court, in *Garza*, further held that "the presumption of prejudice recognized in *Flores-Ortega* applies regardless of whether the defendant has signed an appeal waiver." *Id*.

In this case, the issue to be determined is whether Osborne has proven by a preponderance of the evidence that he asked his attorney to appeal his sentence. There is no question that no notice of appeal was filed. Having listened to the evidence, observed the witnesses, and considered the law, the Court finds that the preponderance of the evidence, both direct and circumstantial, supports Osborne's claim that he asked his attorney to file an appeal and his attorney did not do so.

Osborne testified on examination by the Government that his first attorney discussed the sentencing guidelines with him (because he cannot read) and told him that he was looking at between 57 and 96 months. (Doc. 75 at pp. 24, 29-30). The Sentencing Guideline Worksheet that his attorney explained to him did in fact state that his guideline range from the sentencing table was 57 to 96 months. (Doc. 12 at p. 6). Osborne also testified that later his retained attorney read his plea agreement to him (because he cannot read) and told him that his sentence would not go over 120 months. (*Id.* at p. 7). Although the plea agreement states that, because the United States filed an enhancement in his case, he faced a minimum mandatory sentence of ten years to a maximum sentence of life imprisonment, the plea agreement also stated that the United States would recommend to the Court that Osborne be sentenced at the low end of the advisory sentencing guidelines. (*Id.* at p. 10; Doc. 26 at pp. 4, 6). Osborne testified that he pled guilty because he believed he was getting 120 months. (Doc. 75 at p. 16). Osborne's retained attorney testified that, even though he discussed

the possibility with Osborne that he could be looking at career offender designation,

Osborne was under the impression that he was facing a ten-year sentence. (*Id*. at pp.

50-51). The testimony at the evidentiary hearing supports Osborne's claim that, in his

mind, he expected his sentence to not exceed ten years.

At the sentencing hearing, even though defense counsel argued against career

offender status, the Court sentenced Osborne to 262 months. At the evidentiary

hearing, Osborne testified that he told his lawyer, as they were leaving the courtroom

immediately after sentencing, that he wanted to appeal his sentence. (*Id.* at pp. 17, 27-

28). Osborne testified specifically that he said to his lawyer, before they walked out of

the courtroom door, "I want to appeal it. I want to appeal it. I want to appeal it." (*Id.* at

p. 17), and that his counsel said in response that he was going to come see him;

however, Osborne did not see him again until the day of the evidentiary hearing on his

motion to vacate. (*Id.*). According to Osborne, his lawyer never had a conversation with

him about his appellate rights after he got sentenced and never told him what he

needed to do to attempt to secure an attorney to file an appeal if he could not afford

one. (*Id.* at pp. 17-18). Osborne testified that he called his family within two days after

being sentenced, told them he was sentenced to 262 months, and asked them to call

his attorney to tell him he wanted to appeal the sentence. (*Id* at pp. 18-19).

Osborne's sister, Ashley Osborne, testified that the family received a call from

Osborne, and he instructed them to "get in touch with [his lawyer] to see if he can get

an appeal because he got 20 years and they thought he was going to get ten." (*Id.* at

pp.37-38).  She further testified that she and her mother went to the lawyer's office in

downtown Mobile and told him that her brother wanted to appeal.  (*Id.* at pp. 38-39).

6

Ashley Osborne testified that she is absolutely certain that her brother wanted to appeal his sentence. (*Id.* at pp. 40-41).

Defense counsel testified that he was a sole practitioner, had been practicing since 2005, and had handled thousands of cases, but only 15-20 of those were federal cases. (*Id.* at pp. 48-49, 57). Counsel could not recall talking to Osborne about his appeal rights (*Id.* at p. 55), nor could he recall speaking with the family about Osborne wanting to appeal. (*Id.* at p. 56). He did acknowledge that Osborne thought he would get a ten-year sentence. (*Id.*at pp. 50-51). Although he could not remember this specific case, he testified that he does not do federal appeals and therefore would have referred the family to somebody that handles federal appeals (*Id*. at p. 56).

The Court notes that both Osborne's testimony and his sister's testimony were consistent and supported by other evidence. In contrast, defense counsel's testimony was general and not corroborated.  Although he brought his file on Osborne to court, there was nothing written in it to demonstrate that counsel had spoken with Osborne about his appellate rights, even though counsel acknowledged that Osborne's sentence more than doubled his expected punishment time. (*Id.* at pp. 53, 70-71). Counsel also acknowledged that he knew Osborne was not happy with the sentence, yet he did not file a notice of appeal nor did he recall discussing an appeal with Osborne. (*Id* at pp. 53-54).

Considering the totality of the evidence, the Court finds that Osborne has proven by a preponderance of the evidence that he requested that his lawyer file an appeal. "Where a defendant has expressly requested an appeal, counsel

7

performs deficiently by disregarding the defendant's instructions." *Garza v. Idaho*,

__ U.S. __, 139 S. Ct. 738, 746 (2019). Therefore, the Court concludes that

Osborne has met the first prong of the test for demonstrating ineffective assistance

of counsel; that is, that "that counsel's representation 'fell below an objective

standard of reasonableness.'" *Flores-Ortega*, 528 U.S. at 476-77 (quoting

*Strickland*, 466 U.S. at 688).

As to the second prong of the test, that is, whether counsel's deficient

performance prejudiced the defendant, the United States Supreme Court has held that,

"when an attorney's deficient performance costs a defendant an appeal that the

defendant would have otherwise pursued, prejudice to the defendant should be

presumed 'with no further showing from the defendant of the merits of his underlying

claims.'" *Garza v. Idaho*, 139 S. Ct. 738, 742 (2019) (quoting *Roe v. Flores-Ortega*,

528 U.S. 470, 484 (2000)). The Court, in *Garza*, further held that "the presumption of

prejudice recognized in *Flores-Ortega* applies regardless of whether the defendant has

signed an appeal waiver." *Id*. Accordingly, the second prong has been met in this case,

as well.

Based on these conclusions, Osborne's Motion Under 28 U.S.C. § 2255 to Vacate,

Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 85) should be

**GRANTED, in part,** to permit Petitioner to file an out-of-time appeal with the Eleventh

Circuit and **DISMISSED without prejudice** as to all remaining claims. *See McIver v.*

*United States* 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) (stating that where the district

court grants a § 2255 petitioner's claim seeking an out-of-time appeal, "the best approach

8

is to dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal").

## **CONCLUSION**

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that Osborne's § 2255 motion be **GRANTED, in part,** as to Osborne's ineffective assistance of counsel for failure to file an appeal so as to permit him to file an out-of-time direct appeal with the Eleventh Circuit and, specifically, that: (1) the judgment entered on June 29, 2016 (Doc. 39) be vacated, (2) the identical judgment be re-entered by separate order in the criminal case for the sole purpose of allowing Petitioner to pursue his otherwise untimely appeal,[1] (3) Osborne be advised that he must file any notice of appeal from the re-entered judgment within the fourteen-day period provided by Federal Rule of Appellate Procedure 4(b)(1)(A)(i), and (4) Osborne also be advised that he has the right to appeal from the re-entered judgment and that, if he cannot afford a lawyer, upon motion, one will be appointed for him. The undersigned further **RECOMMENDS** that Osborne's remaining claims for relief set forth in his § 2255 motion be **DISMISSED without prejudice.**

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4.

---

[1] No re-sentencing hearing is required, *United States v. Parrish*, 427 F.3d 1345, 1348 (11th Cir. 2005), and none will be held.

The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the **5th** day of **February, 2020**.


                     s/P. Bradley Murray
                     **UNITED STATES MAGISTRATE JUDGE**