# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MARIO ROOSHON OSBORNE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CRIMINAL NO. 15-0099-WS-MU |
| ) | |
| UNITED STATES OF AMERICA, ) | CIVIL ACTION 17-0100-WS |
| ) | |
| Respondent. ) | |

## ORDER

This matter comes before the Court on petitioner Mario Rooshon Osborne's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (doc. 43). Among the grounds for relief presented in the Motion is a claim of ineffective assistance of counsel predicated on allegations that Osborne had requested that his counsel file a direct appeal on his behalf but that counsel had failed to do so.

On September 12, 2019, the Magistrate Judge conducted an evidentiary hearing on that aspect of Osborne's Motion. Then, on February 6, 2020, the Magistrate Judge entered a Report and Recommendation (doc. 81) pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). In that Report and Recommendation, the Magistrate Judge made proposed findings of fact that Osborne had proven by a preponderance of the evidence that he had asked his attorney to file a direct appeal of his sentence and that his attorney had failed to do so. The Magistrate Judge further concluded that such findings, if adopted, would warrant granting relief to Osborne for his claim of ineffective assistance of counsel based on counsel's failure to file an appeal despite being instructed by defendant to do so. *See, e.g., Garza v. Idaho*, --- U.S. ----, 139 S.Ct. 738 (2019); *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029 (2000). On that basis, the Magistrate Judge recommended that the § 2255 Motion be granted as to Osborne's ineffective-assistance claim based on counsel's failure to file an appeal and that Osborne be permitted to file an out-of-time direct appeal with the Eleventh Circuit Court of Appeals.

The Government filed Objections (doc. 82) to the Report and Recommendation on February 19, 2020. In particular, the Government lodged objections that the Magistrate Judge's proposed findings of fact lacked support in the record, that the record demonstrated that Osborne chose not to appeal because he recognized the futility of appealing given the waiver provision of his plea agreement, that the Magistrate Judge somehow equated counsel's failure to maintain written notes or to have specific recollections of every conversation with Osborne with constitutionally defective performance, and that Osborne had failed to take sufficient steps to invoke his right to a direct appeal of his sentence.

Upon careful review of the Government's Objections, the Report and Recommendation, the evidentiary hearing transcript, and all other portions of the file deemed relevant, and after a *de novo* determination of those portions of the report and specified proposed findings or recommendations to which objection is made, the Court finds that the Objections are due to be, and the same hereby are, **OVERRULED** in their entirety. The findings and recommendations of the Magistrate Judge are hereby accepted, and the Report and Recommendation is **ADOPTED** as the opinion of this Court pursuant to 28 U.S.C. § 636(b)(1).

Accordingly, it is **ORDERED** as follows:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (doc. 43) is **GRANTED IN PART**;
2. The Motion is **GRANTED** as to petitioner's claim of ineffective assistance of counsel for failure to file a notice of appeal despite being directed to do so by petitioner, pursuant to *Flores-Ortega* and *Garza,* such that petitioner is entitled to file an out-of-time direct appeal with the Eleventh Circuit Court of Appeals;
3. The Judgment (doc. 39) is **VACATED** and will be re-entered by separate order for the sole purpose of allowing Osborne to pursue his otherwise untimely direct appeal;
4. Osborne is advised that he must file any notice of appeal from the re-entered judgment within the 14-day period prescribed by Rule 4(b)(1)(A)(i), Fed.R.App.P.;
5. Osborne is further advised that he is the right to appeal from the re-entered judgment and that, if he cannot afford a lawyer, one will be appointed for him upon a proper motion; and

6. The remaining claims in Osborne's § 2255 Motion are **DISMISSED WITHOUT PREJUDICE**.

DONE and ORDERED this 21st day of February, 2020.

                                          s/ WILLIAM H. STEELE
                                          UNITED STATES DISTRICT JUDGE