# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MARIO ROOSHON OSBORNE, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIV. A. NO. 17-0100-WS |
| vs. ) | |
| ) | CRIM. A. NO. 15-0099-WS-MU |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

On November 12, 2020, the Eleventh Circuit Court of Appeals remanded this § 2255 action to this Court for a very specific and limited task – to determine, based on hearing testimony, whether "Thomas advised Osborne that he could receive a sentence longer than the 10-years sentence that Osborne expected." (Doc. 92 at pp. 5-6, Page ID # 505-06). Having considered the evidence adduced at the first hearing and having conducted a second evidentiary hearing after the Remand at which Osborne testified, the undersigned Magistrate Judge answers this inquiry in the affirmative.

## PROCEDURAL BACKGROUND

On April 30, 2015, Petitioner was indicted on eight counts, alleging various drug offenses, including count four which charged him with possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). (Doc. 1-1, PageID # 6). Attorney Robert Adams "Bucky" Thomas appeared for Petitioner on July 28, 2015. (Doc. 14, PageID # 44). On September 28, 2015, Petitioner pleaded guilty to count four under a plea agreement that stipulated to a low end, enhanced sentence of 10 years to serve. (Doc. 26, PageID # 60-77). The plea agreement also provided for a general waiver of

the right to appeal or to collaterally attack with three exceptions: "any sentence imposed in excess of the statutory maximum, any sentence which constitutes an upward departure or variance from the advisory guideline," and the "defendant also reserved the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion". (*Id.* at p. 12, PageID # 71).

At sentencing on June 22, 2016, the Presentence Investigation Report (PSR) designated Petitioner as a career offender (CO). (Doc. 31 at p. 6, PageID # 101). His guideline range was calculated at 262 to 327 months. (*Id.* at p. 12, PageID # 107). Thomas filed an objection against CO designation (Doc. 30, PageID # 94-95) and argued against CO designation at sentencing. (Doc. 45 at pp. 4-12, PageID # 159-67). The Court overruled his objections and determined Osborne to be a CO with an adjusted offense level of 34 and a guideline range of 262 to 327 months. (*Id.* at p. 13, PageID # 168). Osborne was sentenced to 262 months. (*Id.* at pp. 18-19, PageID # 173-74). No appeal was filed.

On March 1, 2017, Osborne timely filed a *pro se* § 2255 motion, arguing, among other things that his attorney was ineffective for several reasons. (Doc. 43 at p. 4, PageID # 143). He further alleged that he did not raise this issue on direct appeal because his attorney failed to file an appeal on his behalf and failed to advise him of his rights to pursue an appeal. (*Id.*). In his reply to the Government's response to his motion, Osborne elaborated on the facts supporting his claim that his attorney failed to file an appeal on his behalf. (Doc. 56 at pp. 4-5, PageID # 239-40). Osborne stated that he "specifically and unequivocally holds that he told counsel to file the appeal …." (*Id.* at p. 5, PageID # 240). In light of Osborne's contention and the Eleventh Circuit's holding in *Lacey v. United*

*States,* No. 16-12644, 2019 WL 2152667, at *1 (11th Cir. Apr. 2, 2019), this Court conducted an evidentiary hearing on September 12, 2019, to determine the contested issue as to whether Osborne instructed his attorney to file an appeal. (Doc. 75, PageID # 296).

After the evidentiary hearing, the undersigned Magistrate Judge recommended that Osborne's § 2255 motion be granted, in part, as to Osborne's claim of ineffective assistance of counsel for failure to file an appeal so as to permit him to file an out-of-time direct appeal with the Eleventh Circuit and, specifically, that the judgment entered on June 29, 2016 (Doc. 39) be vacated and that the identical judgment be re-entered by separate order in the criminal case for the sole purpose of allowing Petitioner to pursue his otherwise untimely appeal. (Doc. 81, PageID # 437). On February 21, 2020, the District Court adopted this recommendation and, on February 26, 2020, entered an identical judgment as the one entered on June 29, 2016. (Docs. 83, 84, PageID # 465, 468).

On February 28, 2020, Osborne, through counsel, filed a Notice of Appeal to the Eleventh Circuit. Subsequently, as discussed above, the Eleventh Circuit remanded this case for consideration of the issue of whether "Thomas advised Osborne that he could receive a sentence longer than the 10-years sentence that Osborne expected." (Doc. 92 at pp. 5-6, Page ID # 505-06).

## **CONCLUSIONS OF LAW**

Having listened to the evidence, observed the witnesses, and considered the law, the Court finds that the preponderance of the evidence, both direct and

circumstantial, refutes Osborne's claim that Thomas failed to advise him that he could receive a sentence longer than the 10-years sentence that Osborne expected.

Osborne testified on examination by the Government that his first attorney discussed the sentencing guidelines with him (because he cannot read) and told him that he was looking at between 57 and 96 months. (Doc. 75 at pp. 24, 29-30, PageID # 319, 324-25). The Sentencing Guideline Worksheet that his attorney explained to him did in fact state that his guideline range from the sentencing table was 57 to 96 months. (Doc. 12 at p. 6, PageID # 36). Osborne also testified that later his retained attorney, Bucky Thomas, read his plea agreement to him (because he cannot read) and told him that his sentence would not go over 120 months. (Doc. 75 at p. 7, PageID # 302). Specifically, Osborne testified that Thomas said, "He said that I promise you it wouldn't go over 120 months. You got my word." (*Id.*). The plea agreement, that he admits Thomas read to him, stated that, because the United States filed an enhancement in his case, he faced a minimum mandatory sentence of ten years to a maximum sentence of life imprisonment. (*Id.* at p. 10, PageID # 305; Doc. 26 at pp. 4, 6, PageID # 63, 65). The plea agreement also stated that the United States would recommend to the Court that Osborne be sentenced at the low end of the advisory sentencing guidelines. (*Id.*). Osborne testified that he pled guilty because he believed he was getting 120 months. (Doc. 75 at p. 16, PageID # 311).

Thomas testified that he is a sole practitioner, has been practicing since 2005, primarily does criminal defense, and has handled thousands of cases. (*Id.* at pp. 48-49, PageID # 343-44). At the evidentiary hearing, Thomas testified that it was his understanding that Osborne was under the impression that he was facing a ten-year

minimum sentence. (*Id.* at p. 50, PageID # 345). He also testified that he and Osborne "knew that there was the possibility of the Government pursuing career offender. So that was a concern." (*Id.*). He further testified that he and Osborne discussed that ten years "was the low end of the range, and the possibility or the reality of the situation was he could be looking at career offender, as well." (*Id.* at p. 53, PageID # 348). Thomas also testified "career offender was one of the big issues that he and I were concerned about with his case. So we talked at length about that particular issue, as well." (*Id.* at p. 59, PageID # 354). Thomas testified that Osborne was aware that he could receive a substantially higher sentence than the ten-year minimum. (*Id.* at p. 61, PageID # 356).

Thomas did testify that, even though he discussed the possibility with Osborne that he could be looking at career offender designation, Osborne was under the impression that he was facing a ten-year sentence. (*Id*. at pp. 50-51, PageID # 345-46). While testimony at the evidentiary hearing supports Osborne's claim that, ***in his mind***, he expected his sentence not to exceed ten years, Thomas's testimony was clear that he advised Osborne that the United States had filed an enhancement in his case that could lead to a sentence of ten years to life imprisonment. This Court must make its ruling based upon what was discussed, not what Osborne wished for, hoped for, perceived, or had in his mind.

In evaluating the credibility of the witnesses here, the Court notes that Osborne, while testifying that he remembered certain details of what he discussed with Thomas prior to executing the plea agreement, did not remember the guilty plea hearing or what the Judge told him at the hearing. (*Id.* at pp. 26-27, PageID # 321-22). The record is clear that the career offender issue was the primary sentencing issue. Having

5

considered the demeanor of the witnesses, the testimony, and the record of the Court proceedings, the undersigned Magistrate Judge finds that Thomas's testimony is most consistent and credible regarding the issue presented on remand and therefore finds that Thomas did advise Osborne that he could receive a sentence greater than the 10-years sentence Osborne expected.

## **CONCLUSION**

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the District Court answer the question posed by the Eleventh Circuit Court of Appeals on remand in the affirmative and make a factual finding that Thomas did advise Osborne that he could receive a sentence longer than the 10-years sentence that Osborne expected.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made,

state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the **27th** day of **May, 2021**.

                                      s/P. Bradley Murray
                                      **UNITED STATES MAGISTRATE JUDGE**